UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX (ALENDRONATE SODIUM)
PRODUCTS LIABILITY LITIGATION (NO. II)                                MDL No. 2243

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Merck Sharp & Dohme Corp. f/k/a Merck & Co., Inc. (Merck) moves for centralization of the 36 actions, pending in eight districts, listed on Schedule A in the District of New Jersey or, in the alternative, the Western District of Louisiana.[1]

Plaintiff in the Eastern District of Louisiana potential tag-along action supports centralization in the Western District of Louisiana. Plaintiffs in the Southern District of New York and Eastern District of New York potential tag-along actions support centralization but initially suggested the Southern District of New York or, in the alternative, the Western District of Louisiana for transferee district. At oral argument, these plaintiffs fully supported centralization in the Western District of Louisiana. Similarly, plaintiff in the Northern District of Ohio potential tag-along action originally proposed centralization in the Northern District of Ohio, but supported centralization in the Western District of Louisiana at oral argument.

Plaintiffs in the Middle District of Tennessee and the Eastern District of Missouri actions oppose centralization. In the alternative, plaintiffs in the Eastern District of Missouri action propose centralization of these actions in the Southern District of New York within MDL No. 1789 -- In re: Fosamax Products Liability Litigation or in the Eastern District of Missouri.[2] They also argue that their action should be excluded from any centralized proceedings until their motion to remand to state court has been decided.

---

[*] Judge Barbara S. Jones took no part in the decision of this matter.

[1] The parties have notified the Panel of nine related actions. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

[2] As their third alternative, plaintiffs in the Eastern District of Missouri action support centralization in Southern District of Illinois as suggested by plaintiff in the Southern District of Illinois action.

- 2 -

Plaintiff in the Southern District of Illinois action opposes centralization as well.[3] In the alternative, she suggests centralization in Southern District of Illinois. At oral argument this plaintiff also supported centralization in the Western District of Louisiana.

On the basis of the papers filed and hearing session held, we find that these 36 actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact arising from similar allegations that use of Fosamax or its generic equivalent caused femur fractures or similar bone injuries. Given that over 40 actions are pending in fourteen districts before fourteen judges, centralization is warranted and will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Some plaintiffs seek exclusion from centralized proceedings on the ground that their actions are too advanced to benefit from such proceedings and transfer at this stage would merely delay resolution of their actions. While the point at which an action should be excluded from centralized proceedings is not definite, neither of the actions sought to be excluded has progressed to that point. Discovery has only just begun in one of the actions, and significant pretrial proceedings remain in both actions. *See, e.g., In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009) (finding action not too far advanced to be included in centralized proceedings).

We also decline to exclude the Eastern District of Missouri action at this time. Plaintiffs in that action can proceed with their motion to remand to state court in the transferee district. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation given the number of cases pending there and the length of time some of those actions have been pending. The headquarters, witnesses and documents of the common defendant, Merck, are located within the District of New Jersey, and nearly two-thirds of the pending actions are already in this district before a single judge. In addition, the federal courthouse in Trenton, New Jersey, is relatively close to the state court in Atlantic City, New Jersey, where hundreds of related cases are pending. Centralization in this district could facilitate coordination between the federal and state courts. Centralization in this district also permits the Panel to assign the litigation to an experienced transferee judge who is already presiding over 27 actions in the District of Jersey.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Garrett E. Brown, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

---

[3] Plaintiff in the Southern District of Illinois action asserts that plaintiffs in twelve other actions oppose centralization.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Paul J. Barbadoro

IN RE: FOSAMAX (ALENDRONATE SODIUM)
PRODUCTS LIABILITY LITIGATION (NO. II)              MDL No. 2243

## SCHEDULE A

<u>Middle District of Florida</u>

Gloria Holbrook v. Merck & Co., Inc., C.A. No. 2:10-00422

<u>Southern District of Illinois</u>

Betty Miller v. Merck & Co., Inc., C.A. No. 3:10-00117

<u>Eastern District of Kentucky</u>

Lucille Collins v. Merck & Co., Inc., et al., C.A. No. 2:11-00044

<u>Western District of Louisiana</u>

Janet Boudreaux, et al. v. Merck & Co., Inc., C.A. No. 6:10-00546

<u>Eastern District of Missouri</u>

Patrick Welch, et al. v. Merck, Sharpe & Dohme, Corp., et al., C.A. No. 4:11-00535

- A2 -

### District of New Jersey

Phyllis Molnar, et al. v. Merck & Co., Inc., C.A. No. 3:08-00008
Margaret Gozdziak v. Merck & Co., Inc., C.A. No. 3:09-05630
Dolores Duke, et al. v. Merck & Co., Inc., C.A. No. 3:09-05693
Dolores Kuczajda, et al. v. Merck & Co., Inc., C.A. No. 3:10-00679
Susan Schultz v. Merck Sharp & Dohme, Corp., C.A. No. 3:10-03545
Cynthia Hines, et al. v. Merck & Co., Inc., C.A. No. 3:10-04839
Denise Libke, et al v. Merck Sharp & Dohme Corp., C.A. No. 3:10-04981
Joan Goodwin v. Merck & Co., Inc., et al., C.A. No. 3:10-05461
Barbara Moline, et al. v. Merck & Co., Inc., C.A. No. 3:10-05462
Elma Davis v. Merck & Co., Inc., C.A. No. 3:10-05694
Louella Lamirande v. Merck & Co., Inc., C.A. No. 3:10-06049
Kathryn Wheeler v. Merck & Co., Inc., C.A. No. 3:10-06282
Donna Shuler v. Merck & Co., Inc., C.A. No. 3:10-06315
Elayne Denker, et al. v. Merck & Co., Inc., et al., C.A. No. 3:11-00033
Nancy Heaton v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00570
Virginia Bonne v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00571
Carol Kreckler v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00585
Alice Lefebvre v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00586
Marie Hogan v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00587
Carol Reidy v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00588
Lillie Karch v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00589
Paul Roth v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00590
Susan Walraed, et al. v. Merck & Co., Inc., C.A. No. 3:11-00869
Theresa Metz v. Merck Sharp & Dohme Corp., C.A. No. 3:11-01286
Lauren Kolb, et al. v. Merck & Co., Inc., et al., C.A. No. 3:11-01498
Debbie Prince, et al. v. Merck Sharp & Dohme Corp., C.A. No. 3:11-01529

### Southern District of New York

Virginia Lee Germino v. Merck & Co., Inc., C.A. 1:09-01185
Linette Santos-Meagher v. Merck & Co., Inc., C.A. No. 1:09-03644
Jeanette Chaires v. Merck & Co., Inc., C.A. No. 1:10-04893
Sheila Salvatore v. Merck & Co., Inc., C.A. No. 1:11-00492

### Middle District of Tennessee

Shirley Homler v. Merck Sharp & Dohme Corp., C.A. No. 3:10-01154